By the Court.—Barbour, C. J.
This action was brought upon a written agreement or lease, made by plaintiff to Albert J. Smith, Stephen L. Bardosh, Peter Balen, Jr., and Charles H. Provost (composing the firm of Smith, Bardosh & Co.), to recover rent claimed by the plaintiff to be payable, according to the terms of the lease, on the first of May, 1869, for the preceding quarter. Upon the trial the following endorsement upon the lease was read in evidence :
“ Hew Yobk, March 30ih, 1869.
“ It is hereby agreed between the subscribers that the “period of the lease (within mentioned), which is unex“pired on the first day of May, 1869, is hereby can-celled.
“Smith, Bardosh & Co.”
One of the defendants was permitted by the court, against the plaintiff’s objection, to testify that a day or two before the above endorsement was signed, it was orally agreeed between him and the plaintiff that the defendants would surrender the premises and the plaintiff relet them, and that the defendants should be excused from that quarter’s rent. The plaintiff’s counsel excepted to the ruling, which admitted that evidence of an oral agreement prior to the execution of the endorsement, and claims that whatever oral agreement *460 there may have been before such endorsement in regard to the subject-matter thereof, must be considered as merged in the written instrument; and the point of law thus raised, as well as in different forms upon the trial, is the only one in the case which requires much consideration here.
The general rule, which excludes conversations, negotiations, and parol agreements, prior to the execution of a written agreement covering the subject-matter of such negotiations, etc., does not apply in cases where-the original contract was verbal and entire, and only a part of it was reduced to writing (1 Greenl. Ev. § 284 a), nor does it exclude proof of consideration where that does not appear in the writing, nor evidence of further consideration than is expressed in the instrument (Ib. 304). The endorsement in this case was signed by the lessees alone, and expresses no consideration whatever, but was probably intended to be, as in effect it was, merely a surrender of the term, and was put in writing because the agreement between the parties required a valid surrender to be made, and the statute required that to be done in writing (2 R. S. 134, § 6). The writing, therefore, did not constitute the whole agreement, nor, indeed, of itself, any part of it, but it was merely a performance on the part of the lessees of one of the terms of the real agreement. The evidence, therefore, was properly admitted. The order appealed from should be affirmed, with costs.